**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DIET DRUGS (Phentermine / Fenfluramine/Dexfenfluramine PRODUCTS LIABILITY LITIGATION** | **MDL 1203** |
| **This document relates to:** | |
| **MARTHA GREEN, *et. al.*, Plaintiffs** | |
| **VS.** | **No. 2:03cv20234 HB** |
| **WYETH, INC., *et. al.*, Defendants** | **ANSWER AND AFFIRMATIVE DEFENSES OF DELTON MOORE DISCOUNT DRUGS, INC.** |

COMES NOW one of the Defendants, Delton Moore Discount Drugs, Inc., ("hereinafter referred to as "Delton Moore"), by and through its counsel of record, and responds to the Plaintiffs' Complaint originally filed in the Circuit Court of Scott County, Mississippi, Civil Action No. 2002-CV-415SC, (hereinafter referred to as the "Complaint") as follows:

**FIRST PRELIMINARY DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

**SECOND PRELIMINARY DEFENSE**

This Defendant should be dismissed as it was fraudulently joined.

**THIRD PRELIMINARY DEFENSE**

The claims in this action are controlled by, and barred by, the Diet Drug National Class Action Settlement.

**FOURTH PRELIMINARY DEFENSE**

Claims by Plaintiffs against this Defendant are controlled by, and barred under, the learned intermediary doctrine and accordingly should be dismissed. *See Moore v. Memorial Hosp. of Gulfport*, 825 So.2d 658 (Miss. 2002).

**FIFTH PRELIMINARY DEFENSE**

This Defendant should be dismissed for insufficiency of process and/or insufficiency of service of process.

**SIXTH PRELIMINARY DEFENSE**

This Defendant objects to the jurisdiction of this Court over the subject matter and over the person and/or property of this Defendant.

**SEVENTH PRELIMINARY DEFENSE**

This Defendant has been misjoined in violation of the Mississippi Rules of Civil Procedure, the Federal Rules of Civil Procedure and in violation of this Defendant's due process rights as guaranteed by the Mississippi and United States Constitutions, and in violation of equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution, and of a fair trial by jury and as such the claims against this Defendant must be severed from this action.

**EIGHTH PRELIMINARY DEFENSE**

The Complaint fails to name indispensable parties, and therefore, must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

**NINTH PRELIMINARY DEFENSE**

Venue, based upon where the Plaintiffs' original Complaint was filed, is improper as to this Defendant and accordingly the claims against this Defendant must be dismissed or, in the alternative, transferred to the appropriate venue.

**TENTH PRELIMINARY DEFENSE**

This Defendant hereby gives notice that this lawsuit is without substantial justification and is in violation Mississippi Rule of Civil Procedure 11, Federal Rule of Civil Procedure 11 and the Mississippi Litigation Accountability Act, MISS. CODE ANN., §11-55-1, et seq. Therefore, this Defendant is entitled to be dismissed with all of its costs and fees reimbursed by the Plaintiffs.

Without waiving the foregoing Preliminary Defenses, but expressly subject thereto, Defendant, Delton Moore, responds to the allegations of Plaintiffs' Complaint as follows:

**Complaint**

The allegations in the first unnumbered paragraph of the Plaintiffs' Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth.

**II.**
**Parties**

**A. The plaintiffs are:**

A-1. through A-47. The allegations of Paragraph A-1 through A-47 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

**B. The defendants are:**

B-1. The allegations of Paragraph B-1 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

B-2. through B-18. The allegations Paragraphs B-2 through B-18 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

B-19. It is admitted that Delton Moore Discount Pharmacy, Inc., is a Mississippi Corporation and that it is a properly licensed pharmacy. The remaining allegations of Paragraph B-19 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

B-20. through B-40. The allegations of Paragraphs B-20 through B-40 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

## III.
## Jurisdiction and Venue

A. The allegations of Section III, Paragraph A are denied.

B. The allegations of Section III, Paragraph B are denied.

## IV.
## Introduction

A. The allegations of Paragraph A, including footnote 1 thereto, do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

B. The allegations of Paragraph B are denied.

C. The allegations of Paragraph C do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

D. The allegations of Paragraph D do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

E. The allegations of Paragraph E are denied for lack of knowledge or information sufficient to form a belief as to their truth.

F. The allegations of Paragraph F do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**V.**
**Marketing Strategy**

A. The allegations of Paragraph A do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

B. The allegations of Paragraph B do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

C. The allegations of Paragraph C do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

D. The allegations of Paragraph D do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

E. The allegations of Paragraph E do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

F. The allegations of Paragraph F do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

G. The allegations of Paragraph G do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

H. The allegations of Paragraph H, including subparts 1 through 3 (all subparts), do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**VI.**
**Effects of Use**

**A. Pulmonary Hypertension**

1. The allegations of Paragraph 1 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

2. The allegations of Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

5. The allegations of Paragraph 5 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

6. The allegations of Paragraph 6 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

7. The allegations of Paragraph 7 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

8. The allegations of Paragraph 8 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

9. If these allegations are somehow intended to apply to this Defendant, they are denied. As they relate to other Defendants, this Defendant is without sufficient knowledge or information to form a belief as to their truth.

10. The allegations of Paragraph 10 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations of Paragraph 11 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

12. The allegations of Paragraph 12 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

13. The allegations of Paragraph 13 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

14. The allegations of Paragraph 14 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

15. The allegations of Paragraph 15 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

16. The allegations of Paragraph 16 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

17. The allegations of Paragraph 17 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**B. Valvular Heart Dysfunction**

1. The allegations of Paragraph 1 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations of Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

5. The allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations of Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

8. The allegations of Paragraph 8 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

## VII.
## Causes of Action

### A. Count One: (Negligence and Negligence Per Se)

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4, including subparts a through j (all subparts) do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

5. The allegations of Paragraph 5 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

6. The allegations of Paragraph 6 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

7. The allegations of Paragraph 7 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

8. The allegations of Paragraph 8, including subparts a through d (all subparts), do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

9. The allegations of Paragraph 9, including subparts a through t, and the unnumbered paragraph following subpart t (all subparts), do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**B. Count Two (Design and Marketing Defect)**

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

5. The allegations of Paragraph 5 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

6. The allegations of Paragraph 6 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

7. The allegations of Paragraph 7 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**C. Count Three (Inadequate and Improper Warnings)**

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

5. The allegations of Paragraph 5 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

6. The allegations of Paragraph 6 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

7. If they are somehow intended to relate to this Defendant, the allegations of Paragraph 7 are denied. As they relate to the other Defendants, the allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

**D. Count Four (Misrepresentation)**

1. The allegations of Paragraph 1 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**E. Count Five: The Physician's Conduct**

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. The allegations of Paragraph 2 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

3. The allegations of Paragraph 3 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

4. The allegations of Paragraph 4 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

5. The allegations of Paragraph 5 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

6. The allegations of Paragraph 6 do not relate to this Defendant and, as such, no response is required. To the extent these allegations could somehow be construed to apply to this Defendant, they are denied.

**F. Count Six: The Pharmacies and Individual Permit Holders Conduct**

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. This Defendant admits that it is a properly licensed pharmacy located in Mississippi. The remaining allegations of Paragraph 2 are denied. As they relate to the other Defendants, the allegations of Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations of Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations of Paragraph 4 are denied.

**A. Count One: (Strict Liability in Torts)**

1. The allegations of Paragraph 1 are denied.

2. The allegations of Paragraph 2 are denied.

3. As they relate to this Defendant, the allegations of Paragraph 3 are denied. As they relate to the other Defendants, the allegations of Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

4. As they relate to this Defendant, the allegations of Paragraph 4 are denied. As they relate to the other Defendants, the allegations of Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

5. The allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

6. As they relate to this Defendant, the allegations of Paragraph 6 are denied. As they relate to the other Defendants, the allegations of Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

**B. Count Two: (Breach of Implied Warranties)**

The allegations contained in the unnumbered paragraphs under the heading, "B. Count Two: (Breach of Implied Warranties),"are denied.

**Count Two: (Negligence):**

1. This Defendant adopts and incorporates herein by reference its previous answers and all defenses in response to this Paragraph.

2. As they relate to this Defendant, the allegations of Paragraph 2 are denied. As they relate to the other Defendants, the allegations of Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

3. As they relate to this Defendant, the allegations of Paragraph 3, including subparts a through c (all subparts) are denied. As they relate to the other Defendants, the allegations of Paragraph 3, including subparts a through c (all subparts) are denied for lack of knowledge or information sufficient to form a belief as to their truth.

4. The statements of Paragraph 4 do not require a response. To the extent a response is required, the allegations of Paragraph 4 are denied.

5. As they relate to this Defendant, the allegations of Paragraph 5 are denied. As they relate to the other Defendants, the allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations of Paragraph 6 are denied.

**VII.**
**Damages:**

A. The allegations of Paragraph A, including subparts 1 through 7 (all subparts) are denied.

**VIII.**
**Claims for Spousal Loss of Consortium Against All Defendants**

The allegations of this unnumbered paragraph, including subparts 1 and 2 (all subparts) are denied and further this Defendant incorporates herein its previous answers and all defenses in response thereto.

The allegations of the last unnumbered paragraph beginning with "THEREFORE," are denied. It is further specifically denied that Plaintiffs are entitled to judgment against this Defendant, jointly and severally or otherwise for the requested damages or to any interest or costs or to any judgment or for any damages from this Defendant whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

All claims alleged herein against this Defendant are barred by the applicable statute of limitations and, alternatively, by the doctrine of laches.

**SECOND AFFIRMATIVE DEFENSE**

This Defendant specifically pleads estoppel, waiver, ratification, accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of the damages by Plaintiffs are barred by MISS. CODE ANN. § 75-2-714, 715 (1972).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentation are not stated with the degree of particularly required by Mississippi Rules of Civil Procedure 9(b) and Federal Rules of Civil Procedure 9(b) and should be dismissed.

**FIFTH AFFIRMATIVE DEFENSE**

There is an insufficiency of process and an insufficiency of service of process.

**SIXTH AFFIRMATIVE DEFENSE**

If the Plaintiffs used some or all of the products sold, distributed or used by this Defendant, the Plaintiffs misused some or all of the products.

**SEVENTH AFFIRMATIVE DEFENSE**

This Defendant alleges that the proximate cause or, alternatively, a proximate contributing cause of the alleged injuries or damages was the negligence of the Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Any injuries or damages alleged to have been sustained by the Plaintiffs were proximately caused or contributed to, whether expressly or impliedly, by the free and voluntary assumption of risk by the Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

This Defendant was not a manufacturer or designer or labeler of any of the products identified in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

This action is barred by MISS. CODE ANN. § 15-1-65 (1972).

**TWELFTH AFFIRMATIVE DEFENSE**

As to any and all alleged breach of warranties, this Defendant would show: this Defendant is not a merchant as required under Mississippi's UCC; the Plaintiffs are not third-party beneficiaries of any express or implied warranties; such claims are barred because the Plaintiffs were not in privity with this Defendant; and such claims are barred because Plaintiffs failed to give this Defendant notice of any alleged breach of warranty within a reasonable time and/or because any such unfulfilled warranties deemed to have been made by this Defendant were waived.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If the Plaintiffs have heretofore settled or should hereafter settle for any of their alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of said settlements.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If the Plaintiffs suffered injuries or damages as alleged, which is denied, the same resulted solely from acts or omissions of persons other than this Defendant for which this Defendant is in no way liable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Defendant invokes all of the state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question, medicine, medical sciences, and all others, alleging that this Defendant discharged, according to law and due care, each and every duty which it may have owed and, therefore, this Defendant can have no liability.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Defendant alleges that, even if it were liable to Plaintiffs, which is denied, it would not and could not be jointly and severally liable with any other party because there was no concert of action between this Defendant and any of the other Defendants sued herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

While it does not appear that Plaintiffs are seeking punitive damages in this action, out of an abundance of caution, this Defendant states that an award of punitive damages against this Defendant in this case is unconstitutional, including but not limited to violations of the due process and equal protection clauses of the Fourteenth Amendment and/or Fifth Amendment of the Constitution of the United States and due process clause of Article III, Section 14 of the Constitution of the State of Mississippi.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

While it does not appear that Plaintiffs are seeking punitive damages in this action, out of an abundance of caution, this Defendant states that Plaintiffs' claim for punitive damages would be barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**NINETEENTH AFFIRMATIVE DEFENSE**

This Defendant alleges that all of Plaintiffs' claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

**TWENTIETH AFFIRMATIVE DEFENSE**

This Defendant alleges that other parties, whether named or unnamed in Plaintiffs' Complaint, and whether known or presently unknown to this Defendant, were negligent or legally responsible or otherwise at fault for the damages alleged. Therefore, this Defendant requests that

in the event any party recovers against this Defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties in accordance with MISS. CODE ANN. § 85-5-7. This Defendant further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with apportionment of fault.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' cause of action is barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of the subject medication.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by, this Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were not proximately caused by any act or omission of this Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by this Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, if any, were the result of an idiosyncratic reaction which this Defendant could not reasonably foresee.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages were not caused by any failure to warn on the part of this Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because this Defendant complied with any applicable statutes, requirements and regulations.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred under *Restatement (Third) of Torts*.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against this Defendant are barred under Section 402A, Comment K of the *Restatement (Second) of Torts*.

**THIRTIETH AFFIRMATIVE DEFENSE**

While it does not appear that Plaintiffs are seeking punitive damages in this action, out of an abundance of caution, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant incorporates all defenses available to it under § 11-1-63, MISS. ANN. CODE, And, accordingly, notice is given to the manufacturer of the product(s) involved that demand is made for defense and indemnity by this Defendant. Furthermore, pursuant to MISS. CODE ANN. § 75-2-607 (1972), the defense of the litigation is tendered to the manufacturing co-defendants and demand for full defense and indemnity is duly made. Additionally, this Defendant affirmatively pleads that it cannot be liable under the Plaintiffs' claims for failure to warn as the pharmacy, at the time the product left it's control, did not know of the alleged defects.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Defendant is entitled to full indemnification and a defense "by the product seller for their costs of litigation and any reasonable expenses, reasonable attorneys fees, any damages awarded by the trier of fact, as this Defendant had not exhibited substantial control over that aspect of the design, testing, manufacturing, packaging or labeling of the product that caused the harm for which the recovery of damages is sought and this Defendant did not alter or modify the product and had no actual knowledge of the alleged defective condition of the product at the time it was supplied."

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

While it does not appear that Plaintiffs are seeking punitive damages in this action, out of an abundance of caution, this Defendant denies that Plaintiffs are entitled to judgment against it in any amount in this action, and it affirmatively pleads the following regarding punitive damages:

(1) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(2) No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable;

(3) An award of punitive damages in this civil action would violate due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 14 of the Mississippi Constitution;

(4) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

(5) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of Section 28 of the Mississippi Constitution;

(6) Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment; and,

(7) An award of punitive damages would violate the procedural and/or substantive safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Section 14 and 26 of the Constitution of Mississippi.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

This Defendant had no duty to warn Plaintiffs regarding the subject medication(s).

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

There was no reliance by any of the Plaintiffs on this Defendant regarding the purchase of the subject medication(s) or product(s), if any.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

This Defendant had no knowledge of the alleged defective condition of the subject medication(s) or product(s), if any.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

With respect to each and every purported cause of action in Plaintiff's Complaint, the acts of this Defendant were at all times done in good faith and without malice.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

With respect to each and every purported cause of action, Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Any alleged danger posed by the subject medication was open and obvious to the Plaintiffs.

**FORTIETH AFFIRMATIVE DEFENSE**

This Defendant claims all protections afforded by the Civil Justice Reform Act, including all sections of the Mississippi Code of 1972 amended or created thereby.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant must be dismissed pursuant to MISS. CODE ANN. §11-1-64 (1972).

**FORTY-SECOND AFFIRMATIVE DEFENSE**

All allegations not specifically admitted are hereby denied.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are without standing to assert claims against this Defendant.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

This Defendant would also raise the unconstitutionality of punitive damages awards as established by the recent United States Supreme Court case of *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S.Ct. 1513 (April 7, 2003).

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

This Defendant adopts and incorporates by reference all defenses pleaded by all other Defendants in this litigation which are applicable to the claims of Plaintiffs and are not inconsistent with this Defendant's position that it is not liable to anyone.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

This Defendant specifically reserves the right to amend its answer by adding defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

ACCORDINGLY, Delton Moore Discount Pharmacy, Inc., demands that the Complaint be dismissed as against it with all costs assessed to the Plaintiffs.

Respectfully submitted, this the 31st day of October, 2003.

**DELTON MOORE DISCOUNT PHARMACY, INC.**

***ORIGINAL SIGNED DOCUMENT***
***ON FILE WITH THE COURT***

By: ______________________________

Thomas M. Louis (MSB #8484)
Jeffery A. Styres (MSB# 10646)

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
600 Lamar Life Building
Post Office Box 131
Jackson, Mississippi 39205-0131
(601) 355-8321

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the **Answer and Affirmative Defenses of Delton Moore Discount Pharmacy, Inc.**, has been sent, via first class mail, postage prepaid, to the following:

Kenneth W. Smith
MILLER & ASSOCIATES
809 Cameron Street
Alexandria, VA 22314
and
Edward A. Williamson
Fenton B. Deweese, II
THE WILLIAMSON LAW FIRM
Post Office Box 588
Philadelphia, MS 39350

***Attorneys for Plaintiffs***

Fred L. Banks, Jr.
James Shelson
Kenneth J. Grigsby
Phelps, Dunbar LLC
Post Office Box 23066
Jackson, MS 39225-3066
and
Daniel S. Pariser, Esq.
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004

***Attorneys for Wyeth***

Deborah A. Hyland
Plaintiffs Management Committee
325 Chestnut Street, 2nd FI
Philadelphia, PA 19106

***Attorney for Plaintiffs Management Committee***

Edward Sidney Moak, M.D.
1040 Biglane Drive
Brookhaven, MS 39601

Hon. Gregory Miller
Miller, Alfano & Raspanti
1818 Market Street, Suite 3402
Philadelphia, PA 19103

***Attorney for Special Discovery Master***

John Fitzpatrick, Esq.
LeClair and Ryan
707 E. Main Street, 11th FI
Richmond, VA 23219

***Attorney for Physicians' Liaison Counsel***

Paul B. Kerrigan
Michael T. Scott
Reed Smith
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

***Attorneys for Liaison Counsel for fenfluramine/dexfenfluramine***

Robert Spinelli, Esq.
Kelley, Jasons, McGuire & Spinelli
Centre Square West, Ste. 1500
1500 Market Street
Philadelphia, PA 19102

***Attorney for Retailers' Liaison Counsel***

Daniel Gambrell, M.D.
331 North Broad Street
Forest, MS 39074

John M. Lusk, Jr.
Post Office Box 384
Port Gibson, MS 39150

***Attorney for Willie L. McArthur, M.D.***

Whitman B. Johnson, III
Currie Johnson Griffin Gaines & Myers
Post Office Box 750
Jackson, MS 39205

***Attorney for Gary Alen Nelson, M.D., Ramiro Alfredo Montalvo, Jr., M.D., Robert Douglas Holbert, M.D., William George Munn, M.D.***

Clifford C. Whitney, III
Varner Parker & Sessums, P.A.
Attorneys at Law
Post Office Box 1237
Vicksburg, MS 39181

***Attorney for Durwood Stanley Hartness, Jr., M.D., Yoshinobu Namihira, M.D.***

Amanda Waddell
Bryant, Clark, Dukes, Blakeslee, et al
Attorneys at Law
Post Office Box 16567
Hattiesburg, MS 39404-6567

***Attorney for Alfred Earl McNair, Jr., M.D., Calvin Travis Hull, M.D., Charles Joseph Gruich, M.D., Hilton McKay Fairchild, M.D., Irvin Leroy Martin, M.D., James Claude Matthews, III, M.D., James David Polk, M.D., Jerry Milton Cunningham, M.D., Michael B. Shrock, M.D., Milton David Concannon, M.D., Robert Franklin, III, M.D.***

L. Carl Hagwood
Campbell, Delong, Hagwood & Wade
Post Office Box 1856
Greenville, MS 38702-1856

***Attorney for Braxter Pleasant Irby, Jr., M.D., Howard David Clark, M.D., Ronnye Dale Purvis, Jr., M.D.***

R. Mark Hodges
Wise, Carter, Child & Caraway
Post Office Box 651
Jackson, MS 39205-0651

***Attorney for Samuel C. Okoye, M.D.***

Stephen P. Kruger
Page, Kruger & Holland
10 Cranebrake Blvd., Suite 200
Jackson, MS 39232

***Attorney for John Gelston Downer, Sr., M.D.***

Todd Waycaster
Waycaster Law Offices, P.A.
Post Office Box 476
Natchez, MS 39121

***Attorney for Fitzhue Lee Neal, M.D.***

William B. Carter
Bourdeaux & Jones
Post Office Box 2009
Meridian, MS 39302-2009

***Attorney for James Claude Matthews, III, M.D., Stephen Austin Tramill, M.D.***

Lon Alexander, M.D.
971 Lakeland Drive, Suite 1054
Jackson, MS 39216

Lynn Earl Leatherwood, M.D.
15286 Community Road
Gulfport, MS 39503

Virginia Joyce Vittor, M.D.
Marshall County Correctional
833 West Street, Suite 21786
Holly Springs, MS 38635-9552

Michael K. Randolph
6524 U.S. Highway 98W
P. 0. Box 18109
Hattiesburg, MS 39404-8109

Mark Patrick McLain, M.D.
7712 Old Canton Road
Canton, MS 39046

***Attorney for Bharat Himatlal Sangani, M.D., Randy Lynn Nance, M.D.***

This the 31st day of October, 2003.

***ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT***

Thomas M. Louis
Jeffery A. Styres